36 F.3d 1102
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
GUAM HAKUBOTAN, INC., Plaintiff-Appellant,
v.
FURUSAWA INVESTMENT CORPORATION; Julale Investment
Corporation; Yasuda Shoji KK, Defendants-Appellees.
 No. 93-17304.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 19, 1994.
Decided Sept. 29, 1994.
 
 Before: SCHROEDER, FLETCHER and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Guam Hakubotan, Inc., appeals the order of the Appellate Division of the District Court of Guam affirming the order of the Superior Court of Guam denying relief under Guam Rule of Civil Procedure 60(b). We affirm.
 
 
 3
 The issue we must determine is whether the Superior Court erred in denying relief without granting an evidentiary hearing on the 60(b) motion.
 
 
 4
 This court in an earlier appeal reversed the Guam court and directed entry of judgment in favor of Furusawa Investment Corporation holding that the loan extension agreement at issue was a conditional sale and that the deed delivered to Furusawa and recorded by it conveyed title to the subject real property to Furusawa.
 
 
 5
 Hakubotan seeks 60(b) relief asserting that two of Furusawa's key witnesses perjured themselves at the original trial, giving false testimony on two material points: denying that there was a second extension of the loan agreement and lying as to the purpose of the deed delivery. Kenichi Kakishima signed an affidavit admitting his own perjury and averring that Koretsu Furusawa, the president of Furusawa also had committed perjury. They had testified at trial that there had been no second extension of the loan agreement as requested by Okuhama, president of Hakubotan, and that the default entitled Furusawa to record the deed and take title to the property.
 
 
 6
 In the earlier appeal we found there had been no second extension. This was, in fact, the position taken by Hakubotan in its initial brief to this court. It was also recited as fact by the Appellate Division of the Guam district court although apparently not found as fact by the trial court (it made no finding at all on the point). In its petition for rehearing Hakubotan did not claim that finding to be error even though prior to the filing of the petition for rehearing Mr. Kakishima had already recanted his testimony in conversations with Mr. Okuhama.
 
 
 7
 We conclude that Hakubotan has waived its right to assert at this late date that there was in fact a second extension: it waived it in its first brief to this court and it waived it again when it failed to challenge the finding in its petition for rehearing.
 
 
 8
 The claimed perjury in respect to the significance of the deed (Kakishima now asserts that the deed was given simply because Mr. Furusawa wanted to hold onto the deed as additional security for the loan rather than that it was a conveyance as he originally testified) belies the explicit terms of the written extension agreement:
 
 
 9
 In the event that the payment of principal and interest due from [plaintiff] to Antonio Garcia Camacho in April 1986 is paid timely, but the payment of principal and interest due from [plaintiff] to [Yasuda] on or by September 30, 1986 as described hereinabove is not paid, then and in such event, Furusawa is hereby authorized and empowered by [plaintiff] to record the Warranty Deed conveying all right, title and interest of [Hakubotan] to Furusawa Investment Corporation completely....
 
 
 10
 Extension Agreement of March 10, 1986.
 
 
 11
 We have grave doubts that this is a case in which parole evidence should be received. The writings are crystal clear. No ambiguity is in need of resolution. Even were we to concede that Beeler v. American Trust Co., 147 P.2d 583 (Cal.1944) would allow us to consider parole evidence, to determine the nature of the intended transaction, that evidence must be examined in the light of the whole transaction.
 
 
 12
 The testimony of Mr. Kakishima if given its full effect would negate everything that was written and signed by the parties; there would be no consideration whatsoever for the first extension agreement. The testimony does not address an ambiguity in the extension documents. The written words are crystal clear. They document a straightforward transaction: an extension of a loan in return for a waiver of foreclosure and redemption. The Guam courts did not abuse their discretion in denying an evidentiary hearing and in denying 60(b) relief. The denial of 60(b) relief is affirmed.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3